# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **D.P., T.M., and N.P.**

**No. 22-585** (Wood County 21-JA-60, 21-JA-61, and 22-JA-41)

## MEMORANDUM DECISION

Petitioner Mother B.P.[1] appeals the Circuit Court of Wood County's June 16, 2022, order terminating her parental rights to D.P., T.M., and N.P.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

It appears that the proceedings below were initiated in March of 2021, when the DHHR filed an abuse and neglect petition alleging that petitioner's substance abuse impacted her ability to properly parent the children and that domestic violence occurred in the home. However, petitioner did not include the initial petition in the appendix record before this Court, and she further failed to include a single citation to the appendix record in her brief. Further compounding these deficiencies, petitioner failed to include any adjudicatory order[3] in the appendix record, although she asserts that she stipulated to substance abuse impacting her ability to properly parent, failure to provide adequate supervision and safe housing for the children, and failure to protect the children from the father's[4] domestic violence. Petitioner admits that she was adjudicated for neglecting D.P. and T.M.[5] upon these stipulated grounds. It appears that the court then granted

---

[1]Petitioner appears by counsel Wells H. Dillon. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. George M. Torres appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]Petitioner included the transcripts of several adjudicatory hearings, but fails to cite to any portion of these transcripts to corroborate any of her claims.

[4]For purposes of this memorandum decision, "the father" refers to the father of T.M. and N.P, as the father of D.P. is unknown and not addressed.

[5]N.P. had not yet been born at this time.

petitioner an improvement period. Thereafter, the DHHR filed an amended petition in February of 2022 to include N.P. in the proceedings. Again, petitioner failed to include the subsequent adjudicatory order or cite to any adjudicatory transcripts, but she admits that she was adjudicated for neglecting N.P. at a hearing in April of 2022.

The final dispositional hearing pertaining to the parents was held on April 29, 2022. Based on the evidence, the court found that the father "made the decision not to be engaged in this case" and "elected to choose controlled substances over his children." The court then found that petitioner's case was substantially similar to the father's, in that "she had elected, until very recently, to continue her relationship with [the father] . . . to the detriment of the children." Specifically, the court noted that petitioner did not separate from the father "until almost immediately before this hearing." Further, the court found that throughout the case, petitioner "chose to remain with [the father] instead of visiting with the children during scheduled visitation." Additionally, petitioner's improvement period was terminated due to her lack of compliance and her continued relationship with the father, and petitioner admitted at the dispositional hearing that she had not been attending services. According to petitioner, her failure to attend was "because she has a lot going on," but the court noted that she was unemployed and not caring for her children "so it is . . . unclear what it means" that she was too busy to comply. Petitioner was also unable to identify a single thing she learned during her services. Despite petitioner "screening clean," the court concluded that petitioner was "not in a different position than when the [p]etition was filed when the family was struggling with housing, domestic violence, and substance abuse." The court also concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the children's welfare.[6] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner raises two assignments of error challenging the termination of her parental rights. However, as noted above, petitioner's brief does not contain a single citation to the appendix record on appeal. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he brief must contain an argument clearly exhibiting the points of fact . . . presented . . . [and] must contain appropriate and specific citations to the record on appeal, *including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal.*" (Emphasis added). The rule further cautions that "the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal." While we will not take the drastic step of entirely disregarding petitioner's assignments of error because of the gross noncompliance with the applicable rule, we are nonetheless left with what amounts to a bald assertion that termination of petitioner's parental rights was in error, an assertion with which we do not agree.

---

[6]The court also terminated the parental rights of the children's fathers. The permanency plan for the children is adoption in their current placements.

Indeed, the record overwhelmingly supports the circuit court's termination of petitioner's parental rights. As the court found, petitioner prioritized her relationship with the father, an individual with a substance abuse problem who was found to have disengaged from the proceedings entirely. Petitioner went so far as to permit her ongoing relationship with the father to prevent her from visiting the children. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Given this, it is clear that the circuit court had sufficient evidence upon which to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. This finding is further bolstered by evidence of petitioner's noncompliance with services and her inability to identify anything she learned during the services she did attend. Because the court had ample evidence upon which to make the findings necessary for termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding that there is no reasonable likelihood that conditions of neglect can be substantially corrected in near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 16, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn